**UNITED STATES of America,**
**Plaintiff,**

v.

**Michael Marks RICH; Phyllis Marks Rich; Pac Equities, Inc., Defendants,**

v.

**Hale Lane Peek Dennison; Howard Garcia; David A. Garcia, Third–Party Plaintiffs–Appellants,**

v.

**Peter C. McKittrick, In his capacity as Receiver for the estates of Pac Equities, Ins., Michael Marks Rich, and Phyllis Marks Rich., Third–Party Defendant–Appellee.**

No. 08–35212.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Nov. 13, 2008.

Tanya A. Durkee, Esquire, Milo Petranovich, Esquire, Thomas William Sondag, Esquire, Lane Powell, PC, Portland, OR, for Third–Party Plaintiffs–Appellants.

Michael John Esler, Esquire, John Wesley Stephens, Esquire, Esler, Stephens & Buckley, Gary M. Berne, Esquire, Stoll Stoll Berne Lokting & Schlachter, PC, Kathryn P. Salyer, Esquire, Farleigh, Wada & Witt, Portland, OR, for Third–Party Defendant–Appellee.

---

Before: THOMPSON, TASHIMA, and M. SMITH, Circuit Judges.

### MEMORANDUM *

Peter C. McKittrick, as federal receiver for Pac Equities, Inc., moved the district court to approve the partial settlement agreement he and other plaintiffs had reached with some of the defendants in three Oregon state court actions, and to issue a bar order and injunction forbidding any action for contribution against the settling defendants. Hale Lane Peek Dennison and two other defendants in the state court actions who were not parties to the settlement (collectively, "Hale Lane") intervened in opposition to the motion to approve the settlement and issue the bar order and injunction. The district court approved the settlement and issued the requested bar order and injunction. Hale Lane timely appealed. We have jurisdiction to review the final judgment [1] pursuant to 28 U.S.C. § 1291, and we affirm.

Hale Lane does not object to the settlement itself, but rather to the injunction, which (according to Hale Lane) purports to require the Oregon state court to use the pro tanto method, and not the proportional or any other method, to reduce any future judgment against Hale Lane. McKittrick, by contrast, denies that the district court placed any such restriction on the Oregon state court. The disputed portion of the final judgment provides:

> Investors and the receiver shall reduce their collective claims for damages,

interest, attorney fees, and costs against all non-settling defendants in the litigation who are subject to this order, in the amount of the settlement proceeds, $890,000.

At oral argument, McKittrick confirmed the position set forth in his brief that "the District Court did not decide that Hale Lane and Garcia could not seek a greater reduction in the state court actions that would account for the Settling Defendants' proportionate fault." We accept for purposes of this appeal the parties' agreement that the district court's bar order and injunction does not require, or should not be read to require, that the state court apply the pro tanto method to any judgment against Hale Lane in determining the amount of any setoff to account for the settlement approved by the federal district court. Instead, the district court determined only that the parties had entered into the settlement agreement in good faith on the ground that the plaintiffs in the state court actions, including McKittrick, were not likely to obtain substantially more in a judgment than in the settlement due, at least in part, to the settling defendants' financial condition.

Given this agreed-upon clarification of the meaning of the district court's bar order and injunction, the judgment of the district court is **AFFIRMED**. Each party shall bear his or its own costs on appeal.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court certified the judgment under Fed.R.Civ.P. 54(b).